UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

HASIMBA BROWN,

          Plaintiff,

-v-

NEW YORK STATE DEPARTMENT OF
CORRECTIONS AND COMMUNITY
SUPERVISION, ANGELA BARTLETT, and
WESLEY CANFIELD,

          Defendants.

**DECISION and ORDER**
12-CV-1266Sr



---

Plaintiff, Hasimba Brown, proceeding *pro se,* filed a complaint seeking relief under 42 U.S.C. § 1983. By Order dated February 25, 2013, the Court directed plaintiff to file an amended complaint because the complaint was subject to dismissal for failure to state a claim (Docket No. 3). Plaintiff has now filed an amended complaint (Docket No. 6) which the Court reviews with respect to the 28 U.S.C. §§ 1915(e)(2)(B) and 1915A criteria.

Plaintiff's initial complaint alleges that defendants are applying a waist chain to him each time he leaves his cell and this is causing him pain due to a medical condition. The Court directed plaintiff to amend his complaint to meet the elements of an Eighth Amendment claim, and also to provide allegations of personal involvement by defendants Griffen and Oaks or claims against them would be dismissed. Further, plaintiff was advised that he may have a claim under federal disability statutes for which he would need to name the New York State Department of Corrections and Community Supervision ("DOCCS") as a defendant.

Plaintiff's amended complaint provides some of the information that the Court indicated was lacking in the initial complaint, but the amended complaint does not provide sufficient information to stand alone as the operative complaint in this action. Affording plaintiff's complaint the liberal reading due pleadings filed by *pro se* litigants, Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 596 (1972), the Court finds that plaintiff's amended complaint shall be deemed a supplement to the complaint and has reviewed the supplement to the complaint along with the initial complaint.

Based on the information provided in the complaint and the amended complaint, renamed the supplement to the complaint, the Court determines that plaintiff's § 1983 claims may proceed against defendants Bartlett and Canfield in their individual capacities. Further, plaintiff's claims under Title II of the Americans With Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.*, and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 may proceed against defendant DOCCS. Plaintiff has failed to allege the personal involvement of defendants Griffen and Oaks in the events which took place and they are dismissed without prejudice as to claims under §1983, and with prejudice as to claims of discrimination under federal statutes.

## ORDER

IT HEREBY IS ORDERED, that the Clerk of the Court is directed to file plaintiff's first amended complaint as a Supplement to the Complaint;

FURTHER, that the Clerk of the Court is directed to amend the caption of this action, consistent with the caption on this Order;

FURTHER, that §1983 claims may proceed against defendants Canfield and Bartlett in their individual capacities;

FURTHER, that claims of discrimination under federal statutes may proceed against defendant DOCCS;

FURTHER, that claims against defendant Griffen and Oaks are dismissed without prejudice as to claims under §1983 and with prejudice as to claims of discrimination under federal statutes;

FURTHER, that the Clerk of the Court is directed to cause the United States Marshal to serve copies of the Summons, Complaint, Supplement to the Complaint and this Order upon defendants DOCCS, Canfield and Bartlett without plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in plaintiff's favor;

FURTHER, that the Clerk of the Court is further directed to forward a copy of this Order by email to Michael Russo, Assistant Attorney General in Charge, Buffalo Regional Office <Michael.Russo@ag.ny.gov>; and

FURTHER, that pursuant to 42 U.S.C. § 1997e(g)(2), the defendants are directed to answer the complaint.[1]

SO ORDERED.

Dated: 8/29, 2013
Buffalo, New York

WILLIAM M. SKRETNY
Chief Judge
United States District Court

---

[1] Pursuant to a Standing Order of Court, filed September 28, 2012, a defendant will have 60 days to file and serve an answer or other responsive pleading, see Fed.R.Civ.P. 12(a)-(b), if the defendant and/or the defendant's agent has returned an Acknowledgment of Receipt of Service by Mail Form within 30 days of receipt of the summons and complaint by mail pursuant to N.Y.C.P.L.R. § 312-a.